DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863
Facsimile:    (415) 554-3837
Email:        sean.connolly@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE OFFICER AUSTIN
WILSON, SAN FRANCISCO POLICE OFFICER
TIMOTHY A. ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIEN VAN BUI AND AI HUYNH, individually, and as successors in interest to the Estate of Vinh Van Bui,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE OFFICER AUSTIN WILSON, SAN FRANCISCO POLICE OFFICER TIMOTHY A. ORTIZ, and Does ONE through 50,<br><br>Defendants. | Case No. CV 11-4189 LB<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT: SETTLEMENT CONFERENCE; STIPULATION NOT TO CALL CHIEF AS WITNESS; AND [PROPOSED] ORDER**<br>**[N.D. CAL. ADR LR 7-5]**<br><br>Hearing Date:  February 8, 2013<br>Time:          10:00AM<br>Place:         Hon. James |

    Whereas, after meeting and conferring upon the issue, defendants have agreed to produce Chief Greg Suhr at the above dated settlement conference. In light of and in consideration of defendants' agreement to produce the Chief, plaintiff and defendants stipulate to the following:

    1.    All parties, all counsel and any other persons attending the settlement conference hereby stipulate and agree that the settlement conference will/shall be treated as confidential pursuant

1 to Northern District Local Rule (ADR LR 7-5), and that everything discussed, anything drafted, anything that happens or is/was said, shall be treated as confidential and cannot be used at a later point in time.

2. United States District Court for the Northern District ADR L.R. 7-12 states:

"7-5 Settlement Conference Confidentiality

(a) Confidential Treatment. Except as provided by a case a case-specific order entered in advance of the settlement conference or in subdivision (b) of this local rule, this court, the settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as "confidential information" the contents of any written settlement conference statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference. "Confidential information" shall not be:

    (1) Disclosed to anyone not involved in the litigation;

    (2) Disclosed to the assigned judge; or

    (3) Use for any purpose, including impeachment, in any pending or future proceeding in this court.

(b) Limited Exceptions to Confidentiality. This rule does not prohibit:

    (1) Disclosures as may be stipulated by all parties;

    (2) Any participant or the settlement judge from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or

    (3) Disclosures as are necessary to preserve the court's capacity to enforce lawful orders or to discipline contumacious conduct, or as are otherwise required by law."

3. Violation of this Order shall subject the offending party or person to sanctions as deemed appropriate by this court.

4. A party or person found to have violated this order shall be subject to attorneys fees for any motion successfully brought by a party to enforce this order.

5. It is further stipulated that plaintiffs agree not to call Chief Greg Suhr as a witness at trial, or subpoena or notice him for deposition, or seek discovery from him in any way.

1      6.    "The parties further stipulate that the one exception to the above paragraph (5) is if
2 Chief Suhr is determined to be a percipient witness to any fact relevant to the incident giving rise to
3 the lawsuit based on information unrelated to the disclosures made at the settlement conference."
4 . Plaintiff may conduct discovery of the Chief on that fact(s) alone. In addition, plaintiff may depose
5 the Chief on a specific policy claim if plaintiff shows through means other than information disclosed
6 at the settlement conference that the Chief was directly involved in a policy relevant to plaintiffs'
7 *Monell* claim, and that deprivation of his testimony on such point would result in a "manifest
8 injustice" (as defined in *In re Anonymous*, 283 F.3d 627, 637 (4th Cir. 2002)). In no case shall
9 discovery or testimony be taken upon any fact or issue discussed or disclosed by the Chief at the
10 settlement conference. The parties agree that any dispute over this exception shall be resolved by
11 meeting and conferring first, and then by Magistrate Judge James, if necessary. No attorneys fees
12 shall be sought by either party for litigating this one issue.
13     7.    It is hereby STIPULATED that all parties, all counsel and any other persons attending
14 the settlement agreement will respect and abide by this confidentiality agreement and that plaintiffs'
15 counsel will explain and advise plaintiffs and other family members present at the settlement
16 conference the terms of this stipulation and order and that they fact that they are bound by this
17 agreement.

1  Dated: February 7, 2013

2                                              DENNIS J. HERRERA
                                               City Attorney
3                                              CHERYL ADAMS
                                               Chief Trial Attorney
4                                              SEAN F. CONNOLLY
                                               Deputy City Attorney

5                                         By: :___/s/ Sean F. Connolly_____
                                               SEAN F. CONNOLLY
6                                              Attorneys for Defendants
                                               CITY AND COUNTY OF SAN FRANCISCO, ET AL.
7

8
   Dated: February 7, 2013                     CASPER MEADO, SCHWARTZ & COOK
9

10                                        By: :___/s/ Andrew Schwartz_____
                                               ANDREW SCHWARTZ, ESQ.
11                                             Attorneys For Plaintiffs

12

13

14 PURSUANT TO STIPULATION, IT IS SO ORDERED.

15
   Dated:  2-11-13
16                                             _____
                                               MARIA ELENA JAMES
17                                             United States District/Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

Confidentiality Stipulation                4        s:\andy schwartz\bui, vinh van (tony) - 9415\pleadings\ccsf's final
Bui v. CCSF; Case No. 11-cv-4189                    stipulated confidentiality agreement re msc, chief.doc