UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHIEN VAN BUI, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-04189 LB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE THE STAY PENDING APPEAL**<br><br>[Re: ECF No. 159] |

## INTRODUCTION

Defendants have appealed this court's July 25, 2014 Amended Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment to the Ninth Circuit Court of Appeals. Normally, an appeal divests the district court of jurisdiction over all but tangential matters, effectively staying the case. Plaintiffs have filed the instant motion that asks the court to declare Defendants' appeal frivolous so that the court may retain jurisdiction over the case and proceed to trial. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the October 16, 2014 hearing. Upon consideration of the papers submitted and the applicable authority, the court **DENIES** Plaintiffs' motion.

## STATEMENT

In this civil rights action, Chien Van Bui and Ai Huynh (collectively, "Plaintiffs"), the parents of decedent Vinh Van Bui, known as Tony Bui ("Bui), sued San Francisco Police Officers Austin

C 11-04189 LB
ORDER

1  Wilson ("Officer Wilson") and Timothy Ortiz ("Officer Ortiz"), and the City and County of San
2  Francisco ("CCSF") (collectively, "Defendants") for the death of their son.  Complaint, ECF No. 1.
3  They brought the following claims: (1) as successors in interest to Bui's estate and pursuant to 42
4  U.S.C. § 1983, a claim against Officers Ortiz and Wilson for violation of Bui's Fourth Amendment
5  right to be free from excessive force; (2) on their own behalf and pursuant to 42 U.S.C. § 1983, a
6  claim against Officers Ortiz and Wilson for interference with their Fourteenth Amendment due
7  process liberty interest in their parental relationship with Bui; (3) as successors in interest to Bui's
8  estate and pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658
9  (1978), a claim against The CCSF for failure to train; and (4) on their own behalf and pursuant to
10 California Civil Procedure Code § 377.60, a claim against The CCSF (under a theory of respondeat
11 superior) for wrongful death.  *Id.* ¶¶ 29-53.
12     Defendants moved for summary judgment on all four claims.  Summary Judgment Motion, ECF
13 No. 81.  Plaintiffs opposed the motion, except as to the Monell claim.  Summary Judgment
14 Opposition, ECF No. 120.  Defendants argued in their summary judgment motion that (1) Officers
15 Ortiz and Wilson acted reasonably as a matter of law and in any event were entitled to qualified
16 immunity as to Plaintiffs' claim that the officers violated Bui's Fourth Amendment right to be free
17 from excessive force, (2) Officers Ortiz and Wilson did not violate Plaintiffs' Fourteenth
18 Amendment rights to familial relationship and in any event were entitled to qualified immunity, and
19 (3) the claim for negligence against the CCSF failed because the officers were protected by certain
20 statutory privileges (and were immune) and did not act negligently.  *See* Summary Judgment
21 Motion, ECF No. 81.  The court denied Defendants' summary judgment motion on all grounds as to
22 these three claims (and granted Defendants summary judgment on the *Monell* claim).  *See* 6/27/14
23 Order, ECF No. 137.  Following Defendants' motion for leave to file a motion for reconsideration,
24 the court issued an amended order, which did not change the holdings, primarily to clarify certain
25 citations to the record, the evidence the court considered when making its decisions, and the court's
26 reasoning regarding its denial of qualified immunity.  *See* 7/25/14 Amended Order, ECF No. 146 at
27 1 n.1.
28     Defendants timely appealed the court's amended order.  *See* Notice of Appeal, ECF No. 150.

Defendants asserted: "Jurisdiction exists for the Court of Appeal to review legal questions pertinent to Appellants' claims of qualified immunity and state law immunity, including but not limited to, whether a reasonable officer would have been aware that he was violating plaintiff's constitutional rights, and whether the law prohibiting such was 'clearly established,' such that no reasonable officer could conclude that lethal force was unnecessary against a suspect who had committed a crime of violence when he stabbed a young woman inside his house, where the officers, who had been summoned to the house where the stabbing occurred, and who had probable cause to arrest [the] suspect for that crime, while attempting to effect an arrest of the suspect for that violent crime, located the suspect, who was still armed with that knife and inside the house where other innocent people were present, and who instead of complying with officers['] repeated orders to drop the knife, advanced slowly down a narrow 20 foot hallway toward the officers to within 5-7 feet of them, while the officers retreated, and where the officers had only second to react." *Id.* at 2-3.

Plaintiffs now move for a written order certifying Defendants' appeal as frivolous, so that the court can proceed with trial. *See* Motion, ECF No. 159. Defendants oppose Plaintiffs' motion. *See* Opposition, ECF No. 160.

## ANALYSIS

In *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), the Ninth Circuit "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996). This exception applies in cases in which the district court certifies in writing that the defendant's interlocutory appeal is "frivolous" or has been "waived." *Chuman*, 960 F.2d at 105. "'An appeal is frivolous is the results are obvious, or the arguments of error are wholly without merit.'" *In re George*, 322 F.3d 586, 591 (9th Cir. 2002) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). An appeal that is wholly without merit is one that is "'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" *Schering Corp. v. First DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). In the absence of such written certification, the district court is automatically divested of

jurisdiction to proceed with trial. *Chuman*, 960 F.2d at 105.

Defendants appeal the court's denial of their assertion of qualified immunity. The qualified immunity defense "'shield[s] [government agents] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Ninth Circuit has "distilled the following rule for interlocutory appeals from the denial of qualified immunity: We do not have jurisdiction over interlocutory appeals from district court orders that decide only whether there exists sufficient evidence to sustain the material facts shown by the plaintiff. However, we are instructed that we do have jurisdiction from district court orders that decide not only that material facts are in dispute, but also that the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights. When exercising jurisdiction over the latter type of order, we resolve all factual disputes in favor of the plaintiff and look at the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights." *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807-08 (9th Cir. 2003) (citations omitted).

Here, Plaintiffs contend that Defendants' appeal is frivolous because "it involves issues of fact that Defendants['] actions violated clearly established rights of which a reasonable police officer would have known." Motion, ECF No. 159 at 12. They list numerous factual disputes about what happened the day that Bui was killed and contend that Defendants do not accept all of their facts as true in their appeal. *See id.* at 13-17. In response, Defendants say that Plaintiffs mischaracterize their appeal. *See* Opposition, ECF No. 160 at 6. They say that they "intend to raise issues of law as to whether the officers violated a clearly established right given the undisputed facts and also issues of whether there is a genuine dispute about the underlying facts to the extent that such facts are inextricably intertwined with determining whether a right was violated." *Id.* They also say that they also will argue that the stipulated record (i.e., the undisputed facts) alone warrant a finding of qualified immunity. *Id.*

To declare the appeal frivolous, the court must find that it is "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *see Piping Rock Partners,*

C 11-04189 LB
ORDER 4

*Inc. v. David Lerner Assocs., Inc.*, No. C 12-04634 SI, 2013 WL 3458215, at *1 (N.D. Cal. July 9, 2013) (noting that "the standard for a frivolous appeal 'is quite high,' and frivolity should be found in cases where the appeal is either 'wholly without merit' or the outcome is 'obvious'") (citations omitted).  Here, the court cannot say that it is.  Despite the general wording of their notice of appeal, and as the court recalls from the summary judgment papers and oral argument, Defendants say the court made erred for two reasons: (1) the record does not support Plaintiffs' version of the facts, so there is no genuine dispute of material fact; and (2) even assuming Plaintiffs' version of the facts, Officers Ortiz and Wilson are nevertheless entitled to qualified immunity.  *See* Opposition, ECF No. 160 at 6; see also Transcript of June 26, 2014 Hearing, ECF No. 158 at 6 (Mr. Connolly: "And we submitted a joint statement [of material facts] and it's on that joint statement of stipulated facts that we're relying.  In fact, most of the immaterial facts are not in dispute; but importantly, from an officer's perspective, the analysis that we're engaging in in this particular motion, the material facts are not in dispute."), 16 (Mr. Connolly: "I don't think it matters what position the knife is in as long as Bui has the knife in his hand and as long as he continues to advance at the officers, it's immaterial whether or not the knife was at his side or above his head."), 18 (Mr. Connolly: "[I]t doesn't matter how fast or slow someone with a knife advances at you."; Mr. Connolly: "What I'm saying is that it's legally irrelevant to whether or not how fast he was advancing under the case or exactly what position the knife was [in]."), 22 (Mr. Connolly: "The other thing I was going to mention was there was some attempt by plaintiffs to argue that Bui was merely trying to leave through the front door and he wasn't — because he was trying to do that, he wasn't a threat to the police officers.  I want to make sure that it's understood that the testimony does not support that argument."), 27-28 (Mr. Connolly: "[T]he only thing they court really needs to read is the stipulated — the joint stipulated statement because that in itself . . . is enough."), 29 ("[E]very case that comes before you is going to have some degree of disputed fact.  What's important here is the material facts that are not in dispute."), 30 (The Court: "I understand your argument perfectly, which is that the fact discrepancies I'm pointing to[,] you think are immaterial to what the officers reasonably thought at the time.").  It appears that Defendants do accept Plaintiffs' version of the allegedly material facts as true for purposes of their appeal.  On this record, then, the court will not certify Defendants' appeal as

frivolous.

## CONCLUSION

Based on the foregoing, the court **DENIES** Plaintiffs' motion. In light of Defendants' appeal, the court vacates all remaining dates and deadlines currently set by this court.

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge