DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
REBECCA A. BERS, State Bar #287111
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3863 [Connolly]
Telephone:      (415) 554-4224 [Bers]
Facsimile:      (415) 554-3837
Email:          sean.connolly@sfcityatty.org
Email:          rebecca.bers@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE OFFICER AUSTIN
WILSON, SAN FRANCISCO POLICE OFFICER
TIMOTHY A. ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIEN VAN BUI AND AI HUYNH, individually, and as successors in interest to the Estate of Vinh Van Bui,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE OFFICER AUSTIN WILSON, SAN FRANCISCO POLICE OFFICER TIMOTHY A. ORTIZ, and Does ONE through 50,<br><br>        Defendants. | Case No. CV 11-4189 LB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. ONE TO EXCLUDE EVIDENCE AND ARGUMENT ON PLAINTIFFS' NEGLIGENCE CAUSE OF ACTION**<br><br>Hearing Date:     February 22, 2018<br>Time:             1:00 p.m.<br>Place:            San Francisco Courthouse, Courtroom C - 15th Floor 450 Golden Gate Ave. San Francisco, CA 94102<br><br>Trial Date:       March 5, 2018 |

## INTRODUCTION

Defendants move to exclude any argument or instruction on a negligence claim, because the standard for negligence is the same as for a Fourth Amendment claim – reasonableness.  Plaintiffs' remaining legal causes of action are:  (1) a Fourth Amendment claim on behalf of Vinh Van Bui's estate for excessive use of force; and (2) a negligent wrongful death claim on behalf of the Chien Van Bui and Ai Huynh.  Plaintiffs have proposed separate jury instructions for the two claims.  While there are differences in what damages may be awarded for the violation of either claim, Plaintiffs have not, and cannot identify any unique conduct covered by the negligence claim that is not already encompassed in the Fourth Amendment claim.

In *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 198 L. Ed. 2d 52 (2017), the Supreme Court of the United States recently provided clear guidance applicable to Plaintiffs' negligence claim in the context of a cause of action regarding pre-shooting conduct.  The Supreme Court reminds us that proximate cause, a necessary element of both the Fourth Amendment claim and the negligence claim, requires foreseeability, and a direct causal link between the alleged wrongful conduct and the ultimate injury.  Here, the shooting itself is the only alleged wrongful conduct.  Although there is no doubt that the pre-shooting conduct may be considered as part of the totality of the circumstances, there is no separate cause of action for pre-shooting conduct, and any conduct not included in the totality of the circumstances in a Fourth Amendment claim, is necessarily outside the scope of conduct that could be a proximate cause in a negligence claim.

Under federal law, the events leading up to a use of force play some role in the evaluation whether that force was unreasonable – just like under state law.  Specifically, the focus in the Fourth Amendment cause of action is on whether the actual decision to use force is unreasonable, but the reasonableness analysis permits some consideration of the events leading up to the use of force.  In the present case, the differences between federal and state law are not significant, and Ninth Circuit Model Jury Instruction No. 9.22 is the proper instruction.  Plaintiffs' proposed alternative is unworkable, as it would involve submission of multiple additional and confusing instructions on negligence.  It also risks confusing the jury, and suggesting that the standard for a finding of negligence is substantially different.  Therefore, the Court should not give different instructions for Plaintiffs' state law claim.  If

1    the Court allows the negligence claim to proceed, additional instructions are proposed.  The exclusion

2    of a separate negligence claim may also affect the scope of permissible evidence by various witnesses.

3    **I.      PRE-SHOOTING NEGLIGENCE UNDER THE *MENDEZ* DECISION**

4              Under the Supreme Court's holding in *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 198

5    L. Ed. 2d 52 (2017), district courts must analyze the proximate cause element of a negligence action

6    premised on pre-shooting conduct.  *Id.* at 1549 (ordering the district court to "revisit whether

7    proximate cause permits respondents to recover damages for their shooting injuries based on the

8    deputies' failure to secure a warrant at the outset.")

9              In *Mendez*, the Supreme Court of the United States struck down the Ninth Circuit's

10   "provocation rule" in an officer involved shooting case, and criticized the Ninth Circuit's proximate

11   cause analysis.  137 S. Ct. 1539.  The Ninth Circuit had found that the deputies involved violated the

12   Fourth Amendment and denied the deputies qualified immunity, citing the provocation rule, and in the

13   alternative, "basic notions of proximate cause."  *Mendez v. Cty of Los Angeles*, 815 F.3d 1178, 1194

14   (9th Cir. 2016) (overturned by *Mendez*, 137 S. Ct. 1539.)  The Supreme Court found that the

15   "proximate cause analysis appears to have been tainted by the same errors that cause us to reject the

16   provocation rule."  *Mendez*, 137 S. Ct. at 1549.

17             Proximate cause is a critical element of both Fourth Amendment and negligence causes of

18   action, and requires that the injury alleged be a foreseeable risk associated with the relevant violation

19   alleged.  *Mendez*, 137 S. Ct. at 1549.  In *Mendez*, the Supreme Court found that the foreseeable risks

20   associated with a warrantless entry had "only a murky causal link" to the ultimate injury, the shooting.

21   *Id.*, citing *Bank of America Corp. v. City of Miami*, 137 S.Ct. 1296, 1306.

22   **II.     PLAINTIFFS CANNOT DEMONSTRATE PROXIMATE CAUSE**

23             In order to plead a negligence case, the Plaintiffs must allege facts sufficient to show proximate

24   cause.  *See, e.g. Bank of America Corp. v. City of Miami*, 137 S.Ct. at 1305 (finding that

25   "foreseeability alone is not sufficient to establish proximate cause under the FHA.")  The rule of

26   proximate cause "generally bars suits for alleged harm that is 'too remote' from the defendant's

27   unlawful conduct."  *Id.*, 137 S. Ct. at 1306.  When there are just too many links in the causal chain, or

28   the connection between the alleged breach and the injury is too remote, there is no proximate cause,

and no negligence action lies.  To the extent the Court does instruct the jury separately on negligence, it must provide an instruction on proximate cause.  A proposed modified form of CACI 430 is below:

> A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. A substantial factor must bear some direct relation to the injury, and be more than a remote or trivial factor.

*Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1549, 198 L. Ed. 2d 52 (2017) (requiring "some direct relation between the injury asserted and the injurious conduct alleged.") (quoting *Paroline v. United States*, 572 U.S. __, 134 S. Ct. 17010, 1719 (2014).

### A.    Hayes

Plaintiffs will cite the California Supreme Court's decision in *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629 (2013) as requiring a separate jury instruction on negligence as it relates to pre-shooting conduct.  However, *Hayes* is not applicable in this case,[1] especially after *Mendez*.  In *Hayes*, officers were conducting a well-being check on a man who, according to his girlfriend, had attempted suicide earlier in the evening.  The officers wanted to check on the man to see whether he was a threat to himself.  When the officers found him, they saw him with a knife, and they immediately fired at him.  The plaintiff in *Hayes* alleged that the officers were negligent in failing to find out more about the decedent before looking for him.

*Hayes* did not change the elements of a negligence claim*,* reiterating that "[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."  *Hayes*, 57 Cal. 4th at 629 (modifications in original) quoting *Nally v. Grace Community Church,* 47 Cal.3d 278, 292, 253 Cal.Rptr. 97, 763 P.2d 948 (1988); and *Conroy v. Regents of University of California*, 45 Cal.4th 1244, 1250, 91 Cal.Rptr.3d 532, 203 P.3d 1127 (2009). If the Court allows the negligence claim to proceed, instead of CACI 400, as proposed by the Plaintiffs, the Court should instruct the jury on the elements of negligence as follows:

> Plaintiffs claim that Vinh Van Bui was harmed by Defendants' negligence. To establish this claim against any defendant, Plaintiffs must prove all of the following:

---

[1] *Hayes* was decided after the incident that gives rise to this case, so it is questionable whether it even applies retroactively.  However, even if it does, *Mendez* requires a narrow reading.

1.     That defendant Officer Ortiz or Officer Wilson used an unreasonable amount of force under the circumstances to make a lawful arrest;

2.     That Vinh Van Bui was harmed;

3.     That Officer Ortiz or Officer Wilson's use of unreasonable force under the circumstances was a substantial factor in causing Vinh Van Bui's harm.

*Hayes* decided the narrow issue of whether an officers' pre-shooting conduct can be considered as part of the totality of the circumstances in determining whether the officers acted unreasonably when they decided to use force – bearing in mind officers' discretion in dangerous situations. 160 Cal.Rptr.3d at 691, 695. *Hayes* acknowledged, and the Court should instruct, if it allows the negligence case to go forward:

> As long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence.

*Hayes*, 57 Cal. 4th at 691, citing *Brown v. Ransweiler,* 171 Cal.App.4th 516, 537–538, 89 Cal.Rptr.3d 801. (2009)

To the extent Plaintiffs argue that *Hayes* created any particular duties related to mentally ill individuals wielding knives, the Court in *Hayes* specifically refused to create a "particular pre-shooting protocol." If the Court allows a negligence case to go forward, it must instruct:

> Although you may consider the pre-shooting conduct of the officers in evaluating the totality of the circumstances, the law does not require a particular pre-shooting protocol.

*Hayes*, 57 Cal. 4th at 691. ("Although pre-shooting conduct is included in the totality of circumstances, we do not want to suggest that a particular pre-shooting protocol [such as a background check or consultation with psychiatric experts] is always required. Law enforcement personnel have a degree of discretion as to how they choose to address a particular situation.")

To the extent Plaintiffs' negligence claim relies upon pre-shooting conduct that is not included in the "totality of the circumstances," they can hardly be considered foreseeable or a proximate cause of the harm the estate suffers. *Hayes* reiterated that there can only be one primary duty of the defendants in a negligence claim like this – the duty to act reasonably when using deadly force.

**B.    California Statutory Privileges Mandate a legal standard that is substantially the same as The Fourth Amendment Reasonable Force Standard**

Another reason *Hayes* does not mandate any different instruction is that it never mentioned or addressed any of the statutory privileges in California that may apply in the different situations where law enforcement officers might use force.  Those privileges were beyond the narrow legal issue the court addressed in that certified question proceeding.

Under California law, a statutory privilege defeats all tort claims, including negligence claims. *Gilmore v. Superior Court*, 230 Cal.App.3d 416, 421-422 (1991)  ("A privileged act is by definition one for which the actor is absolved of any tort liability, whether premised on the theory of negligence or of intent."); *see also Horwich v. Superior Court*, 21 Cal. 4th 272, 285 (1999) (citing *Gilmore*) ("[W]hen the defendant has been justified in the use of deadly force against the decedent, the privileged nature of the conduct is a defense to all civil liability regardless of the plaintiff's status."). *Hayes* never addressed the separate issue of privilege.  Here – regardless of *Hayes*' effect on the duty element of Plaintiffs' negligence claim – *Hayes* did not address and does not affect the defendant officers' statutory privileges to use force against decedent Vinh Van Bui in the situation they faced.

Under the various statutory privileges that apply to the circumstances in this case (California Penal Code Sections 835a and 196), the test for tort liability under state law is indistinguishable from the test for unreasonable force under the Fourth Amendment, as outlined in Ninth Circuit Model Jury Instruction 9.22.  Under California Penal Code Section 835a, "A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance."  California Penal Code § 835a; see also *Hernandez*, 46 Cal.4th 501 (2009).  This test is substantially similar to the standard established by *Graham v. Connor*.  However, to the extent the Court permits a negligence claim to proceed, the court must instruct the jury:

> An officer does not have a duty to retreat in the face of an uncooperative suspect.

California Penal Code § 835a*, Reed v. Hoy*, 909 F.2d 324, 330-31 (9th Cir. 1989), *overruled on other grounds, Edgerly v. City and County of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010).

Similarly, "'[t]he test for determining whether a homicide was justifiable under California Penal Code section 196 is whether the circumstances "reasonably create[d] a fear of death or serious bodily harm to the officer or to another." [Citations.]' (*Martinez, supra*, 47 Cal.App.4th at p. 349, 54 Cal.Rptr.2d 772.)" *Brown*, 171 Cal.App.4th at 533.[2]  This is the same test that the Ninth Circuit applies to Fourth Amendment deadly force claims:  "Our case law requires that a reasonable officer under the circumstances believe herself or others to face a threat of serious physical harm before using deadly force."  *Price v. Sery*, 513 F.3d 962, 971 (9th Cir. 2008) (interpreting *Scott v. Harris*, 550 U.S. 372, 382-83 (2007)).  However, to the extent the Court permits a negligence claim to proceed, the court must instruct the jury on a modified version of CALCRIM 507 on justifiable homicide:

> The defendants are not liable under California law if they killed someone while acting as public officers.  Such a killing is justified, and therefore not unlawful, if:
>
> 1.     The defendant was a public officer;
>
> 2.     The killing was committed while overcoming actual resistance to some legal process, while in defense of himself or herself or another**,** or while performing any other legal duty;
>
> 3.     The killing was necessary to accomplish one of those lawful purposes;
>
> AND
>
> 4.     The defendant had a reasonable belief that Vinh Bui posed a threat of death or great bodily injury, either to the defendant or to others.
>
> A person has probable cause to believe that someone poses a threat of death or great bodily injury when facts known to the person would persuade someone of reasonable caution that the other person is going to cause death or great bodily injury to another.
>
> The killing was necessary to accomplish one of those lawful purposes if it was done for one of those lawful purposes and if facts known to the officer would persuade someone of reasonable caution that the other person is going to cause death or great bodily injury to another.
>
> An officer or employee of the City and County of San Francisco is a public officer.
>
> Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.
>
> The plaintiffs have the burden of proving by a preponderance of the evidence that the killing was not justified. If the plaintiffs have not met this burden, you must find the defendant not liable.

---

[2] As *Gilmore* noted, the privilege bars liability whether based on negligent or intentional acts. 230 Cal.App.3d at 421-422; *see also Horwich*, 21 Cal.4th at 285 (citing *Gilmore* favorably).

### III.   NINTH CIRCUIT MODEL JURY INSTRUCTION NO. 9.22 WOULD PERMIT PLAINTIFFS TO ARGUE ABOUT THE OFFICERS' PRE-SHOOTING CONDUCT

This motion also impacts how and what a jury is instructed in the law of negligence.[3]  To the extent pre-shooting conduct is considered part of the "totality of the circumstances," the limits of what the jury may consider, whether it relates to a negligence claim or a Fourth Amendment claim, are set by proximate cause.  Federal law, as reflected in Ninth Circuit Model Jury Instruction No. 9.22, does not preclude consideration whether the officers availed themselves of different pre-shooting alternatives – the same issue that *Hayes* addressed in discussing duty.  Among the factors listed in Instruction No. 9.22 is "The availability of alternative methods to take plaintiff [Bui] into custody or to subdue plaintiff [Bui]."  In evaluating the availability of alternative methods, the jury will necessarily weigh what the officers did before they fired at Bui.  In other words, Model Instruction No. 9.22 does not preclude the type of "totality of the circumstances" argument that *Hayes* permits.

A negligence instruction that stated the duty of care expected of police officers using deadly force, under *Hayes*, would be substantially similar to Instruction No. 9.22.[4]  After all, the *Hayes* decision favorably cited *Graham v. Connor*, in emphasizing the prohibition on 20/20 hindsight and the broad discretion afforded to officers.  160 Cal.Rptr.3d at 691.  And although the *Hayes* decision stated that federal law is more restrictive than state law in consideration of events leading up to the use of deadly force, that statement was based on analysis of a single Ninth Circuit decision, *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002), which, as discussed, has been largely abrogated by *Mendez*.  To the extent the *Hayes* reasoning is based on that part of *Billington* that was overturned by *Mendez*, it is faulty reasoning.  However, Instruction No. 9.22 is not as restrictive as *Billington* with regard to consideration of pre-shooting events, and Plaintiffs can identify no factors that would be considered in a negligence cause of action that are not already included in the factors identified in Instruction 9.22.

---

[3] Consequently, depending on how the Court rules, defendants request leave of the Court to file further special instructions on negligence, as needed.

[4] Although Plaintiffs did submit a proposed disputed instruction stating three elements of a California negligence claim (see Disputed Instruction No. 61, CACI 400), Plaintiffs failed to provide adequately modified instructions regarding the standard of care for a peace officer using force, and the Disputed Instruction No. 67, the Plaintiffs omitted a number of factors required by *Hayes* and *Mendez*.

1

**CONCLUSION**

2      Therefore, to avoid jury confusion, and legal error, the Court should instruct only once on the

3  duties of the officers, and if the Court does give separate jury instructions for negligence, those

4  instructions should instruct the jury to apply the same factors.

5

6  Dated:  February 1, 2018

7                                        DENNIS J. HERRERA
                                         City Attorney
8                                        CHERYL ADAMS
                                         Chief Trial Attorney
9                                        SEAN F. CONNOLLY
                                         REBECCA A. BERS
10                                       Deputy City Attorneys

11                                By:      */s/ Sean F. Connolly*
                                         SEAN F. CONNOLLY
12
                                         Attorneys for Defendants
13                                       CITY AND COUNTY OF SAN FRANCISCO, ET AL.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28